IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Destinee Tracht,<br><br>                          Plaintiff,<br><br>v.<br><br>Jeffery S. Cremeans; Quaker Steak & Lube of Columbia, LLC; Quaker Steak & Lube of South Carolina, LLC; U.S. Xpress Inc.,<br><br>                         Defendants. | C/A No. 3:21-115-JFA<br><br><br>**MEMORANDUM OPINION & ORDER** |

Plaintiff Destinee Tracht ("Plaintiff") initially filed this personal injury action in the Richland County Court of Common Pleas, where she was represented by counsel. The defendants removed this action on January 12, 2021, but counsel did not appear on Plaintiff's behalf. Accordingly, Plaintiff has proceeded *pro se* in this court. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

On February 11, 2021, the Magistrate Judge issued an order notifying Plaintiff that the case was removed to this court, noted that Plaintiff's counsel from state court was not admitted to practice in this court, and warned her that she was considered to be proceeding *pro se* unless or until she retained counsel admitted to practice in this court. (ECF No. 10). The Magistrate Judge also warned Plaintiff that she was responsible for service of process under the Federal Rules of Civil Procedure, provided Plaintiff instructions on how to file documents, and directed her to complete, sign, and file answers to the court's

interrogatories pursuant to Local Civil Rule 26.01 (D.S.C.) within twenty-one days (plus three days for mail time). Plaintiff did not file answers to the court's interrogatories or otherwise respond to the court's order.

On March 10, 2021, Defendant TA Operating LLC noted in its Rule 26(f) report that it was unable to consult with Plaintiff about the proposed discovery plan. (ECF No. 20). On March 20, 2021, the Magistrate Judge again directed Plaintiff to provide answers to the court's interrogatories, but within fourteen days (plus three days for mail time). (ECF No. 22). The order warned Plaintiff that her failure to comply with the order within the time permitted would subject her case to dismissal for failure to prosecute and for failure to comply with an order of the court under Rule 41 of the Federal Rules of Civil Procedure. Plaintiff again did not file answers to the court's interrogatories or otherwise respond to the order.

On April 14, 2021, the Magistrate Judge directed Plaintiff to advise the court as to whether she wished to continue with this case and to file answers to the court's interrogatories within fourteen days. (ECF No. 26). The Magistrate Judge also warned Plaintiff that this case would be recommended for dismissal with prejudice for failure to prosecute if she failed to respond. Plaintiff has not responded to the court's order, filed answers to the court's interrogatories, or otherwise signaled to the court that she wishes to prosecute this case.

Thereafter, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 31). Within the Report, the Magistrate Judge recommends that this matter be summarily dismissed for Plaintiff's failure to comply with a court order and failure to prosecute. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. The parties were advised of their right to object to the Report, which was entered on the docket on May 10, 2021. *Id.* The parties have not filed objections to the Report, and the time to do so has expired. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, the parties have failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded Plaintiff has failed to comply with multiple orders of the court or even provide some indication that she would like to proceed with this lawsuit. As such, Plaintiff appears to have abandoned this action and the Court is

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

unable to proceed. This case will therefore be dismissed with prejudice. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962) (although Rule 41(b) does not expressly provide for *sua sponte* dismissal, Rule 41(b) does not imply any such restriction and a court has the inherent power to dismiss a case for lack of prosecution or violation of a court order).

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 31). Consequently, this matter is summarily dismissed with prejudice.

IT IS SO ORDERED.

June 23, 2021
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge